GARY M. RESTAINO
United States Attorney
District of Arizona

KRISTEN BROOK
Assistant U.S. Attorney
Arizona State Bar No. 023121
JOSEPH E. KOEHLER
Assistant U.S. Attorney
Arizona State Bar No. 013288
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: kristen.brook@usdoj.gov
Email: joe.koehler@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>  Plaintiff,<br><br>  v.<br><br>Steven Arthur Martis,<br><br>  Defendant. | CR- 21-08043-PCT-DJH<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |
|---|---|

**SENTENCING MEMORADUM**

The United States of America respectfully submits this memorandum and response to Defendant's Sentencing Memorandum (Doc. 80) to assist the Court at sentencing in this case, which currently is set for February 22, 2022. The government agrees with the calculations in the presentence report (PSR) and respectfully requests the Court impose a strong sentence to deter similar conduct, both generally and specifically.

The Court is well-versed in the facts of this case, and recently presided over the jury trial. Therefore, the government will not recite the facts in detail in this filing.

On November 18, 2021, Steven Martis was found guilty by a jury of Count 6 (renumbered for trial as Count 3) of the Superseding Indictment, Threats Through Interstate Commerce. The threat at issue in Count 6 consisted of two voicemails that Martis left on

the Washington District Office voicemail system of House Speaker Nancy Pelosi on January 17, 2021: "Hi Nancy, I'm coming to kill you (expletive), Bye." "You're dead (expletive)."

Martis left several additional threatening voice mails for Speaker Pelosi and other members of the United States Congress between January 2019 and January 2021.

Martis's sentence should reflect the seriousness of the crime he committed, transmitting threatening communications in interstate commerce to a Member of Congress. The nature and circumstances of the offense are grave, knowingly transmitting in interstate commerce a voice message containing a serious expression of an intent to kill Speaker Pelosi. The jury found that (1) Martis intended to issue a threat, and (2) that the communication was a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals, i.e., a "true threat." This was a crime in which Martis intended to cause fear, and in fact, did cause fear. Both Heather Connolly and Owen Beal testified at trial that Martis's messages were frightening and upsetting.

It is immaterial whether Martis had the intention to carry out his violent threats. Martis was not charged with having a subjective intent to carry out his threats. The jury found that the threat was a true threat, not merely a joke or an inelegant expression of anger, or political argument.

Likewise, it is immaterial that Martis thought threatening to kill lawmakers was a permissible way to attempt to remove politicians and cause change in the country. The First Amendment protects the right to free speech; however, Martis crossed a line from expressing his political beliefs and disappointment toward others who do not share his political views, to engaging in felonious criminal conduct by threatening to kill Speaker Pelosi.

Next, Martis's history and characteristics are similarly concerning and call for a strong sentence. On February 4, 2020, the FBI interviewed Martis. In that interview, the FBI played the recorded calls for Martis and warned him not to leave threatening messages. The agents specifically warned Martis that the types of calls he made were going to draw

attention from law enforcement and were "breaking the law." Martis responded to the warnings and acknowledged having understood what the agents told him. In spite of those warnings, Martis left more threatening voicemails, including the ones for which he stands convicted in Count 6.

Under section 3553(a)(2), the Court also must consider whether the sentence will "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." In this case, all of these factors, especially deterrence, weigh heavily in favor of a strong sentence.

Moreover, when the means of committing a crime is the use of a telephone, age and infirmity pose no barrier to future activity of the same nature. Equally concerning, Martis continues to express no insight regarding his actions in committing this crime. After talking to the FBI in February 2020, Martis acknowledged he understood and would not threaten harm to others, but he continued to make calls and threaten to kill lawmakers. Even now, in 2022, Martis has not expressed remorse or insight into his crime and has not offered a proposed plan to handle his emotions when he feels angry and outraged.

### IV.   CONCLUSION

Based on the foregoing, the United States respectfully recommends the Court impose a strong sentence consistent with the sentencing guideline calculation on Count 6 and calculated to deter similar conduct, both generally and specifically.

Respectfully submitted this 9th day of February, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

 s/Kristen Brook
 s/Joseph Koehler
KRISTEN BROOK
JOSEPH E. KOEHLER
Assistant U.S. Attorneys

**Certificate of Service**

I hereby certify that on this 9th day of February, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David Eisenberg
Attorney for Defendant

*s/Kristen Brook*
U.S. Attorney's Office