UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | CR-21-8043-PCT-DJH |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | November 18, 2021 |
| Steven Arthur Martis, | ) | 9:16 a.m. |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |


BEFORE:  THE HONORABLE DIANE J. HUMETEWA, JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS

JURY TRIAL - DAY 3 (A.M. SESSION)

(Pages 340 through 353, inclusive.)

APPEARANCES:
For the Government:
          U.S. Attorney's Office
          By: KRISTEN BROOK, ESQ.
             JOSEPH EDWARD KOEHLER, ESQ.
          40 North Central Avenue, Suite 1800
          Phoenix, AZ  85004

For the Defendant Martis:
          David Eisenberg, PLC
          By: DAVID S. EISENBERG, ESQ.
          3550 North Central Avenue, Suite 1155
          Phoenix, AZ  85012


Official Court Reporter:
Linda Schroeder, RDR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 32
Phoenix, Arizona  85003-2151
(602) 322-7249

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

341

1                          **INDEX**

2       SUMMARY OF COURT PROCEEDINGS                    PAGE:

3       Proceedings Outside the Presence of the Jury      342
        Allen Charge                                      350
4       Proceedings Outside the Presence of the Jury      351

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                 UNITED STATES DISTRICT COURT

1      (Proceedings outside the presence of the jury with counsel

2   appearing telephonically:)

3           THE CLERK:  This is case number CR 21-8043, United

4   States of America versus Steven Martis.

5           Counsel, please announce.

6           MR. KOEHLER:  Good morning.  Joe Koehler and Kristen

7   Brook for the United States.  Good morning.

8           THE COURT:  Good morning.

9           MR. EISENBERG:  And this is Dave Eisenberg on behalf

10  of Mr. Martis.

11          THE COURT:  Good morning.  And we are conducting this

12  through the telephone system, so Mr. Martis is not present.  We

13  do have a jury question, and I believe my courtroom deputy has

14  sent a scanned copy of that question to counsel.

15          The question reads:  "What was witness -- and then in

16  parentheses -- defendant testimony regarding recollection of

17  call in Count 2?  Did he remember making the call, question

18  mark."

19          And it's signed by juror number eight.

20          And what I propose is to provide them the following

21  answer, which is a variation of the Ninth Circuit instruction

22  1.9.  And it reads -- I've modified it slightly -- "As you were

23  instructed at the beginning of the trial, you will not have a

24  written transcript of the trial testimony.  Therefore, your

25  decision must be based on what you recall of the evidence and

```
 1      testimony, including the testimony of the defendant."

 2               Is there any comment or objection from the government?

 3               MR. KOEHLER:  No, Your Honor.

 4               THE COURT:  Mr. Eisenberg?

 5               MR. EISENBERG:  No, I have none, Your Honor.  That's

 6      fine.

 7               THE COURT:  All right.  And so that is what I will

 8      write back to the jurors, and I believe they're all gathered

 9      now and deliberating.

10               All right.

11               MS. BROOK:  Thank you.

12               THE COURT:  Thank you, counsel.

13               MR. EISENBERG:  Thank you, Your Honor.

14               MR. KOEHLER:  Thank you.

15          (Proceedings recessed from 9:18 a.m. until 10:00 a.m.

16      Proceedings outside the presence of the jury with counsel

17      appearing telephonically:)

18               THE CLERK:  Calling the court to order.  Court is now

19      in session.

20               THE COURT:  All right.  We have government counsel on

21      the line?

22               MS. BROOK:  Yes, Your Honor.  Kristen Brook and Joe

23      Koehler.

24               THE COURT:  All right.  And Mr. Eisenberg?

25               MR. EISENBERG:  Yes, Your Honor, I'm here.
```

1          THE COURT:  All right.  And my courtroom deputy has

2     scanned and sent you the jury question.  And the question reads

3     "In reference to the first element, what does knowingly mean

4     according to the law?"  And it is signed by juror number 13.

5          And I do note that in the jury instruction it is

6     required that one of the elements is that the defendant

7     knowingly transmitted in interstate commerce a voice message

8     containing a threat.

9          And I guess I too overlooked including the knowingly

10    instruction.  And so I think it appropriate then to take the

11    Ninth Circuit model instruction 5.7, knowingly defined, and

12    provide that to them, omitting the second sentence.  Let me

13    read that to you.

14          "An act is done knowingly if the defendant is aware of

15    the act and does not act through ignorance, mistake, or

16    accident.  You may consider evidence of the defendant's words,

17    acts, or omissions along with all other evidence in deciding

18    whether the defendant acted knowingly."

19          Is there an objection from the government?

20          MS. BROOK:  We concur to give the instruction, Your

21    Honor.

22          THE COURT:  Mr. Eisenberg?

23          MR. EISENBERG:  Yes, Your Honor.  I agree.

24          THE COURT:  All right.  So that is the instruction

25    that I will give.  I'm sorry.  Is there -- Did someone -- Was

1    somebody making a statement?

2         All right.  So I will give instruction 5.7, omitting

3    the second sentence, and then send that back to the jury.

4         Anything from the government?

5         MS. BROOK:  Thank you, Your Honor.

6         THE COURT:  Okay.  Thank you.  Anything further from

7    you, Mr. Eisenberg?

8         MR. EISENBERG:  No, Your Honor.  Thank you.

9         THE COURT:  All right.  Thank you.  We are adjourned.

10        (Proceedings recessed from 10:03 a.m. until 11:22 a.m.

11   Proceedings outside the presence of the jury:)

12        THE COURT:  The record will reflect the presence of

13   counsel, the presence of Mr. Martis.  And we do have a third

14   note from the jury.  I think my courtroom deputy has provided

15   you with a copy of that question.

16        And the question is "If we do not agree unanimous,

17   what do we do?"  And it is signed by juror number two.

18        I think the obvious answer would be to give them the

19   Allen charge.  Does the government agree?

20        MR. KOEHLER:  We do, Your Honor.  We also think that

21   it would be appropriate to ask if they have reached a verdict

22   on any of the counts, so we know if there's already an issue

23   there, and perhaps remind them that they should consider each

24   count individually.

25        THE COURT:  Mr. Eisenberg.

1          MR. EISENBERG:  Well, I do agree that an Allen charge

2     is appropriate in these circumstances, Your Honor.  But I don't

3     know that we need to ask that question at least yet as to

4     whether they've come to an agreement on any count.  If they

5     come back later and say they're still deadlocked, then that

6     would be an appropriate time.

7          THE COURT:  I tend to agree with Mr. Eisenberg.  I

8     think just giving them the Allen charge is sufficient at this

9     juncture.  It at least appears to me, given the two prior

10    questions, that they are at least working through the evidence

11    and testimony.

12          The dilemma here is we're having lunch brought in to

13    them, and it should be ready by about 11:30.  They are

14    currently still deliberating in Courtroom 604.

15          I guess the issue is one of timing.  And so do you

16    think that it is appropriate now for us to have them vacate 604

17    so that we can move in there now and that I can now give them

18    the Allen charge, understanding that they're going to be taking

19    a break for lunch, because they can't eat in the courtroom

20    basically.  They have to leave and maybe take their lunch

21    outside or something of that nature.

22          Or should we simply just let them take their lunch

23    break and then go in at a particular time after the noon hour

24    to give them the charge?

25          MR. KOEHLER:  I think it makes sense to bring them

1    back for the Allen charge after lunch, given the time that we

2    have right now, Your Honor.

3              THE COURT:  Mr. Eisenberg, do you have a preference?

4              MR. EISENBERG:  Actually, yes, I do, Your Honor.

5              I prefer that it be done now.  And that prevents

6    having to come back yet another time.  But I really don't know

7    what's the most appropriate approach to take, given the

8    interests that we all have.

9              THE COURT:  I think the difficulty is that we -- My

10   understanding is they're sort of in the -- making good use of

11   the courtroom.  They've got their notepads and so on spread out

12   in the courtroom.  We could bring them in here.  That would

13   require us to move the equipment around.  And I don't know how,

14   if that is not doable.

15             MR. KOEHLER:  That would be our suggestion, Your

16   Honor.  Perhaps take that and just turn it so it's

17   perpendicular and put it next to the lectern right here.  And

18   that would hopefully give them the best view.

19             MR. EISENBERG:  And there will be distancing, Your

20   Honor, so some of the jurors could sit there and the rest

21   around the courtroom and still see the Court.

22             THE COURT:  I think what we should do is just bring

23   them into the back of the courtroom.

24             THE CLERK:  I can do that now.  I think they're

25   calling.

1          THE COURT:  All right.  Let's have them in then.

2          MR. EISENBERG:  Thank you, Your Honor.

3          THE COURT:  They have another question, so let's stand

4   by.

5          All right.  The jury has sent out another question,

6   and it reads:  "If we are decided on one count but cannot come

7   to a unanimous decision on the other two, what should we do?

8   What happens?"

9          MR. KOEHLER:  We think the Allen charge remains

10  appropriate in that circumstance.

11         MR. EISENBERG:  I don't think it changes the calculus,

12  Your Honor.  I agree.

13         THE COURT:  Does either counsel, either government

14  counsel or Mr. Eisenberg, do you have a recollection of the

15  language related to determining each count individually?  I can

16  look that up.  I don't necessarily know that it adds anything

17  to what they're apparently struggling with, but --

18         MR. EISENBERG:  I have the model jury instructions

19  that Your Honor gave yesterday.

20         THE COURT:  And I think there's an instruction about

21  separate consideration of each count or something like that.

22         MR. EISENBERG:  There is.  Sorry.  Can't turn the

23  page.

24         It's number 3.11, on Page 37.  And it says, "A

25  separate crime is charged against the defendant in each count.

1    You must decide each count separately.  Your verdict on one

2    count should not control your verdict on any other count."

3            And I can hand that to the Court, Your Honor.

4            THE COURT:  All right.  I think, with regard to this,

5    we could just refer them back to the jury instruction.  Is that

6    the -- in the order that I last read to them?  Because I think

7    they were page numbered.

8            MR. EISENBERG:  The one I'm looking at has a total of

9    49 pages, and the one on separate consideration is on Page 37.

10   I think this is the last one the Court gave.

11           THE COURT:  I'll double check that.  And what I can do

12   is let me go in and grab the precise number.  And I'll just

13   send a note back referring them to that page.  I'll have

14   Liliana deliver that to them, have them look that over, and

15   then we can bring them in for the Allen charge.  So I'll be

16   right back.

17      (Proceedings recessed momentarily.)

18           THE COURT:  It is actually on Page 11.  And so I'm

19   going to just send them a note back to refer to Page 11 of the

20   jury instructions regarding a separate crime is charged.

21           Liliana, you can go ahead and make a copy of that and

22   then give them the answer.  And then we'll wait for you to

23   bring them in.

24           And we'll just have them spaced out in the back.

25           Counsel, just so you're aware, this courtroom will be

| | |
|---|---|
| 1 | occupied by Judge Tuchi this afternoon.  And so we're not |
| 2 | entirely sure, if we need to reconvene, where we're going to |
| 3 | be.  So just make sure to keep your lines of communication open |
| 4 | with Liliana. |
| 5 | (The jury returned to the courtroom at 11:37 a.m.) |
| 6 | THE COURT:  Now, members of the jury, I have received |
| 7 | your question, which reads "If we do not agree unanimous, what |
| 8 | do we do?"  And it is signed by juror number two. |
| 9 | Well, I'm going to give you the following instruction: |
| 10 | Members of the jury, you have advised that you have |
| 11 | been unable to agree upon a verdict in this case.  I have |
| 12 | decided to suggest a few thoughts to you.  As jurors, you have |
| 13 | a duty to discuss the case with one another and to deliberate |
| 14 | in an effort to reach a unanimous verdict if each of you can do |
| 15 | so without violating your individual judgment and conscience. |
| 16 | Each of you must decide the case for yourselves but |
| 17 | only after you have considered the evidence impartially with |
| 18 | the other jurors. |
| 19 | During your deliberations, you should not be unwilling |
| 20 | to reexamine your own views and change your opinion if you |
| 21 | become persuaded that it is wrong.  However, you should not |
| 22 | change an honest belief as to the weight or effect of the |
| 23 | evidence solely because of the opinions of the other jurors or |
| 24 | for the mere purpose of returning a verdict. |
| 25 | All of you are equally honest and conscientious jurors |

1    who have heard the same evidence.

2           All of you share an equal desire to arrive at a

3    verdict.  Each of you should ask yourselves whether you should

4    question the correctness of your present position.  I remind

5    you that in your deliberations you are to consider the

6    instructions I have given you as a whole.  You should not

7    single out any part of any instruction, including this one, and

8    ignore others.

9           They are all equally important.

10          You may now return to the jury room and continue your

11   deliberations.  Please all rise as the jury leaves.

12      (The jury exited the courtroom at 11:40 a.m.)

13          THE COURT:  Anything further from the government?

14          MR. KOEHLER:  No, Your Honor.

15          THE COURT:  Anything further from you, Mr. Eisenberg?

16          MR. EISENBERG:  Yes, Your Honor.  If the jury is --

17   Are they going to lunch?

18          THE COURT:  I think they're having their lunch brought

19   in.  My sense is because they won't be able to eat inside 604,

20   they'll have to take their lunches into the separate rooms, and

21   they're not going to be deliberating for at least, I would

22   suggest, about 45 minutes, and they'll then resume.

23          I don't know if their lunch is there now, but it

24   should be on its way.  So my sense is they'll probably start

25   deliberations again now.

1          MR. EISENBERG:  Okay.  I just wanted to know for

2     logistical purposes.

3          THE COURT:  Yes.  Just keep Liliana apprised as to how

4     to best connect with you, and we'll proceed that way.  I

5     myself -- I myself don't know where we're going to be, so --

6          THE CLERK:  I don't know yet.  Mags hasn't responded

7     to me.

8          THE COURT:  Has the lunch arrived?

9          THE CLERK:  Not yet.

10          THE COURT:  It has not -- It's not arrived yet, so

11     they're back deliberating.

12          MS. BROOK:  Thank you, Your Honor.

13          MR. EISENBERG:  Thank you, Your Honor.

14        (Proceedings recessed at 11:41 a.m.)

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3          I, LINDA SCHROEDER, do hereby certify that I am duly

4    appointed and qualified to act as Official Court Reporter for

5    the United States District Court for the District of Arizona.

6          I FURTHER CERTIFY that the foregoing pages constitute

7    a full, true, and accurate transcript of all of that portion of

8    the proceedings contained herein, had in the above-entitled

9    cause on the date specified therein, and that said transcript

10   was prepared under my direction and control.

11         DATED at Phoenix, Arizona, this 6th day of May, 2022.

12

13

14                              s/Linda Schroeder
                              Linda Schroeder, RDR, CRR
15

16

17

18

19

20

21

22

23

24

25

                 UNITED STATES DISTRICT COURT